United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK I. SATRE and BONITA SATRE DALEY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／<br>RODERICK I. SATRE and BONITA SATRE DALEY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ARGENT MORTGAGE COMPANY LLC, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | No. C 10-01405 JSW<br>No. C 12-06548 JSW<br><br>**ORDER GRANTING WELLS FARGO'S MOTION TO DISMISS; GRANTING FIRST AMERICAN'S MOTION FOR A MORE DEFINITE STATEMENT; DISMISSING LATER RELATED MATTER AND GRANTING LEAVE TO AMEND** |

In the earlier-filed lead case, C 10-01405 JSW, the matter comes before the Court upon consideration of: (1) a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) filed by Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"); (2) a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) filed by Defendant, First American Trustee Servicing Solutions, LLC ("First American"); and, in the alternative, (3) a motion for a more

definite statement pursuant to Federal Rule of Civil Procedure 12(e) filed by First American. The Court has considered the parties' papers, relevant legal authority, and the record in this case. For the reasons set forth in the remainder of this Order, the Court HEREBY GRANTS Well's Fargo motion to dismiss without prejudice and GRANTS First American's motion for a more definite statement.

In the related matter, C 12-06548 JSW, the same defendants have moved to dismiss or for a more definite statement. The Court GRANTS the motions to dismiss based on a finding that this Court lacks jurisdiction. Plaintiffs may amend the complaint in the earlier-filed lead case to address newer factual allegations and to consolidate the proceedings.

## BACKGROUND

On December 11, 2006, Plaintiffs filed an action against Defendants First American Servicing Company ("ACS"), First American (the trustee of plaintiff's deed of trust) and Wells Fargo entitled *Satre v. American Services Co.*, Action No, MSC 06-02525 ("State Court Action"). The State Court Action involved claims based on a promissory note that Plaintiffs executed and secured by a deed of trust on their property at 530 Santa Fe Avenue, Richmond, California 94801. Plaintiffs alleged that they called ACS to discuss ways to avoid foreclosing on their house due to short term financial difficulties. (First Amended Complaint ("FAC") at ¶ 42.) Plaintiffs then defaulted and entered into a forbearance agreement to allow them to cure the default and Defendant ACS proceeded with foreclosure on the property in December 2006. Plaintiffs soon filed action to enjoin the foreclosure sale and, on August 12, 2010, the state issued a Statement of Decision in favor of ACS.

Appearing *pro se*, Plaintiffs filed a complaint before this Court alleging a cause of action for violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq*. ("FDCPA"). In addition to suing Defendants for activities related to the loan servicing and foreclosure proceedings on their home, Plaintiffs also named Glenn Wechsler ("Wechsler"), counsel for ACS in the State Court Action, for his conduct in the state litigation. On October 15, 2010, Plaintiffs filed their First Amended Complaint which alleges twenty-two separate causes of action including claims under the FDCPA and multiple state causes of action.

1    In 2010, Defendants First American and Wechsler moved to dismiss the First Amended
2 Complaint.[1] On January 5, 2011, this Court granted First American and Weshsler's motion to
3 dismiss and dismissed the case under the *Rooker-Feldman* doctrine. The Ninth Circuit affirmed
4 in part, reversed in part, and remanded. *Satre v. Wells Fargo Bank, N.A. et al.,* 507 Fed. Appx.
5 655, 655 (9th Cir. 2013). The Ninth Circuit agreed the "district court property determined that
6 Wechsler is immune from FDCPA liability" but reversed, stating "the district court incorrectly
7 concluded that it lacked jurisdiction under *Rooker-Feldman* doctrine." *Id.* at 655-56.
8    Defendants Wells Fargo and First American now move to dismiss the suit and, in the
9 alternative, First American moves for a more definite statement. In the related matter, C 12-
10 06548, the same defendants move to dismiss or for a more definite statement. That later-filed
11 case involves the same parties, the same property, relates the same mortgage loan and the
12 servicing of that loan. The later case adds a new Notice of Trustee Sale that Plaintiffs allege
13 was more recently posted on their door.
14    The Court shall address additional facts as necessary to its analysis in the remainder of
15 this Order.

**ANALYSIS**

**A.    Legal Standard.**

   **1.    Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of the Federal Rules of Civil Procedure 8(a)(2), "a plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than label and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is

---

[1] Wells Fargo did not move to dismiss at that time.

3

conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

### 2. Motion for More Definite Statement.

Federal Rule of Civil Procedures 12(e) provides that " [a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion for a more definite statement must be considered in light of the liberal pleading standard under Rule 8(a). *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996). Thus, the purpose of Rule 12(e) is to provide relief from a pleading that is unintelligible, not one that is simply lacking in detail. *EEOC v. Alia Corp.*, 842 F. Supp. 2d 1243, 1250 (E.D. Cal. 2012). Therefore, a motion for a more definite statement is warranted if the complaint is so indefinite that the defendant cannot understand the claim being asserted and is unable to frame a response. *See, e.g.*, *Amaral v. Wachovia Mortg. Corp.*, 692 F. Supp. 2d 1226, 1230 (E.D. Cal. 2010), *Committee for Immigrant Rights of Sonoma County v. County of Sonoma*, 644 F. Supp. 2d 1177, 1191 (N.D. Cal. 2009).

### B.   Wells Fargo's Motion to Dismiss.

Wells Fargo moves to dismiss the First Amended Complaint for both (1) lack of subject matter jurisdiction and (2) failure to state a claim under the FDPCA. Plaintiffs are the master of their own complaint. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002). Here, Plaintiffs attempt to state a federal cause of action under the FDCPA, which would, if properly stated, afford the Court jurisdiction over this matter. *See* 28

4

U.S.C. § 1331. However, Plaintiffs fail to plead that Wells Fargo qualifies as a debt collector under the FDCPA.

Generally, the FDCPA prohibits debt collectors "from making false or misleading representations and from engaging in various abusive and unfair practices in collecting debts." *Klohs v. Wells Fargo Bank, N.A.*, 901 F. Supp. 2d 1253, 1257 (D. Haw. 2012); *see also Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). To state a claim under the FDCPA, Plaintiff must first allege that Wells Fargo is a debt collector as defined under the FDCPA Section 1692a(6). *See, e.g., Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013) ("The complaint must plead factual content that allows the court to draw the reasonable inference that Wells Fargo is a debt collector.") (internal citations omitted).

The FDCPA defines "debt collectors" as

> (1) any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or (2) any person who regularly collects or attempts to collect, directly or indirectly, debts owed to or asserted to be owed to or due another.

15 U.S.C.§ 1692a(6). In interpreting the definition of debt collector, "courts have consistently held that the FDCPA does not apply to . . . mortgage servicing companies, or assignees of the mortgage debt, as long as debt was not in default at the time the debt was obtained." *Klohs*, 901 F. Supp. 2d at 1258; *see also* 15 U.S.C. § 1692a(6)(F)(iii) (a debt collector does not . . . "concern[] a debt which was not in default at the time it was obtained by such a person"); *Jara v. Aurora Loan Servs.*, 852 F. Supp. 2d 1204, 1211 (N.D. Cal. 2012) (stating the "legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of debt, as long as the debt was not in default at the time it was assigned.") (quoting *Perry v. Stewart Title, Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985); *see also Soriano v. Wells Fargo Bank, N.A.*, 2012 WL 1536065, at *8 (D. Haw. Apr. 30, 2012) ("Wells Fargo Defendants are not 'debt collectors' under the FDCPA if they were loan services that were servicing loans before they went into default and thereafter sought to collect the debt."); *Lal v. American Home Serv. Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) ("The law is well settled that FDCPA's definition of debt collectors does

5

not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt.") (internal quotation omitted).

Additionally, the Ninth Circuit has found that plaintiffs are required to allege a factual basis in the complaint from which "[the court] could plausibly infer that the principal purpose of Wells Fargo's business is debt collection." *Schlegel,* 720 F.3d at 1209. In *Schlegel,* the court found that plaintiffs had not alleged a factual basis that would allow the court to infer Wells Fargo's principal purpose is debt collection. *Id.* Rather, plaintiffs were only able to allege that "debt collection is some part of Well's Fargo business, which is insufficient to state a claim under the FDCPA." *Id.*

Similarly here, Plaintiffs have failed to allege that Wells Fargo is a debt collector under the FDCPA. According to their First Amended Complaint, Plaintiffs obtained services from Wells Fargo before their mortgage loan went into default. For that reason alone, Wells Fargo cannot be considered debt collector. *See* 15 U.S.C. 1692a(6)(F)(iii). *See also*, *Klohs*, 901 F. Supp. 2d at 1258 (holding that Wells Fargo is not a debt collector because the loan was not in default when Wells Fargo obtained it); *Soriano*, 2012 WL 1536065, at *8 ("[T]he definition [of debt collector is not intended] to cover the activities of . . . mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing.") (internal quotations omitted).

Additionally, the Ninth Circuit has indicated that while "debt collection might be some part Wells Fargo's business," debt collection is not the principal purpose of Wells Fargo business, which is a requirement under FDCPA's definition of debt collector. *Schlegel*, 720 F.3d at 1209. Plaintiffs have not alleged that debt collection is the principal purpose of Wells Fargo's business. Therefore, as currently pled, Plaintiffs' First Amended Complaint has not adequately set forth facts that would allow the Court to draw the reasonable inference that Wells Fargo is a debt collector. *See id.*

Accordingly, the Court GRANTS Wells Fargo's motion to dismiss without prejudice. The Court grants Plaintiffs leave to amend if they can allege facts sufficient to allow the reasonable inference that Wells Fargo is a debt collector. With regard to the remaining

6

1 allegations against Wells Fargo, the Court finds they are so uncertain and indefinite as to require
2 amendment as detailed below.

**C.   First American's Motion for a More Definite Statement.**

As an alternative to their motion to dismiss, First American moves for the Plaintiffs to provide a more definite statement of the claims asserted against them.[2]  Specifically, First American alleges "[t]he claims against Defendants in this action are so vague, unclear, uncertain and indefinite" and "no specific allegations are provided as to what each defendant knew or did that could possibly be the basis for any viable claims against them."  (First American Motion at 18:24-27.)  "A Rule 12(e) motion is proper only if the complaint is do indefinite that the defendant cannot ascertain the nature of the claim being asserted, *i.e.*, so vague that the defendant cannot begin to frame a response."  *Amaral*, 692 F. Supp. 2d at 1230. In *Committee for Immigrant Rights*, the court found a motion for a more definite statement was appropriate because the complaint failed to notify defendant of the claims it needed to defend against.  644 F. Supp. 2d. at 1208.  The complaint did not specify "which defendants [were] liable for which legals claims or how they [were] liable."  *Id*.  The court ordered plaintiffs to amend their complaint to include a "simple, concise and direct averments explaining what actions each defendant took and why those actions are unlawful" in order to give the defendants a fair opportunity to frame the responsive pleading.  *Id.* at 1209.  The amended complaint needed to specify clearly which defendant is being sued "under which specific legal theory and include specific allegations of fact stating how each defendant is alleged to have violated plaintiff's legal rights."  *Id.*

Here, Plaintiffs' allegations do not provide First American with a basis to respond to the pleadings.  The First Amended Complaint does not properly notify First American "of the claims [it is] defending against.  Nor does it provide the court with the clarity needed to resolve significant legal issues. . . .  It is unclear at best."  *See id.* at 1208.  Plaintiffs' complaint is forty-nine pages long and alleges twenty-two causes of action against four different defendants.  The facts alone are twenty-four pages long.  (*See* FAC 1-23.)  The twenty-two causes of action do

---

[2] Because the Court grants First American's motion for a more definite statement, it renders its motion to dismiss moot.

7

not contain specific factual allegations indicating how Plaintiffs allege First American (or the other defendants) may be liable or for what specific causes of action. Many causes of action do not even specify First American as a defendant. In the causes of action that do indicate First American as a defendant, Plaintiffs fail sufficiently to allege any of their claims because their causes of action are unintelligible, vague, and ambiguous. *See id.* at 1208. Similar to the plaintiffs in *Committee for Immigrant Rights*, Plaintiffs here do not specify "which defendants are liable for which legals claims or how they are liable." 644 F. Supp. 3d at 1208. Plaintiffs make only a repeated and general reference to various sections of the FDCPA, without alleging specific facts to show a violation, and accordingly, do not allow First American (or any other defendant) to frame an appropriate response. Plaintiffs' complaint does not contain "specific factual allegations showing" any specific violations of the FDCPA. *See id.* at 1209. Plaintiffs' complaint is "so vague [and] ambiguous that [defendants] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

In going forward, the Court requires clarity: "the additional clarity and specificity will go a long way towards minimizing motion practice concerning the pleadings. On the other hand, an amended complaint that closely resembles the current complaint will undoubtably produce more motions to dismiss." *Committee for Immigrant Rights*, 644 F. Supp. 2d at 1209 . Because Plaintiffs appear *pro se*, the Court is required to give Plaintiffs some leniency to overcome deficiencies unless amendment would be futile. *See Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). Therefore, the Court will allow Plaintiffs another opportunity to allege their claims.

The Court require that Plaintiffs plead facts that would allow First American (and the other defendants) to respond to the complaint. As a threshold matter, "[p]laintiff must first allege that she [or he] has been exposed to abusive debt collection practices by debt collectors." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (internal citations omitted). "A suit brought under the FDCPA must involve a 'debt' within the meaning of the statute. The statute defines 'debt'" in 15 U.S.C. 1692a(5). *Id.* Plaintiffs must also allege that First American is a 'debt collector' as defined by the FDCPA Section 1692a(6). *Schlegel*, 720 F.3d at 1208. As the

8

FDPCA only applies to debt collectors, "the complaint must plead factual content that allow the court to draw a reasonable inference" that First American is, in fact, a debt collector. *Id.* In order to make such a showing, Plaintiff must allege facts to show that First American meet both prongs of the definition: "(1) any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," and (2) any person who regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

If Plaintiffs are able to establish this threshold matter, Plaintiffs must then adequately allege violations of the FDCPA by specifying the appropriate subsections and detailing factual allegations to support the allegations of any specific violations. *See Janti v. Encore Capital Group, Inc.*, 2010 WL 3058260, at *4-5 (S.D. Cal. Aug, 3, 2010). For example, when alleging a violation of any subsection of 1692(e), the courts will analyze the claim under the "least sophisticated debtor" standard. *Id.* at *5. Plaintiff must show that First American's actions would have deceived a hypothetical least sophisticated debtor. *Id.*, *see also Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996) (holding there was no FDCPA violation because the least sophisticated debtor would not see the letter as a threat); *Gonzales v. Arrow Fin. Servs. LLC*, 489 F. Supp. 2d 1140, 1152-53 (S.D. Cal. 2007) (finding liability under Section 1692e(10) because a least sophisticated debtor would have found language in the letter deceiving and misleading).

Plaintiffs need to comply with Federal Rule of Civil Procedure 8(a)(2) to ensure their complaint "is a short and plain statement of the claim showing that the pleader is entitled to relief." In order to do so, it is important that Plaintiffs allege specific causes of action under the FDCPA with specific, clear, and concise factual allegations to support its specific causes of action. Without setting out clear and concise allegations under their sole federal cause of action, the Court may not properly exercise jurisdiction over this matter.

**D.    Related Later-Filed Matter, C 12-06548 JSW.**

In the related later-filed matter, C 12-06548 JSW, Plaintiffs attempt to state causes of action for unfair and deceptive practices, forgery, conversion and to quiet title. Again, the same

9

defendants move to dismiss or for a more definite statement.[3] In the earlier-filed matter, Plaintiffs have failed to state a cause of action under federal law. "The mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Instead, in order to confer jurisdiction, the cause of action must raise a substantial federal question. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005). Accordingly, because the Court lacks jurisdiction to hear the related matter, it is dismissed.[4]

In an effort to coordinate proceedings, to the extent Plaintiffs intend to make any factual allegations from the 2012 complaint or to state claims based upon those newer facts, the Court shall permit Plaintiffs to incorporate all related facts and potential claims for consolidated proceedings in this matter, C 10-01405 JSW. Accordingly, should Plaintiffs file an amended complaint in response to this Order and assuming they are able to state a federal cause of action, Plaintiffs may incorporate more recent facts premised upon the same property, relating to the same mortgage loan, and the same parties who serviced that loan.

**CONCLUSION**

For the foregoing reasons, this Court GRANTS Wells Fargo's motion to dismiss without prejudice and GRANTS First American's motion for a more definite statement.

Plaintiffs shall file their amended complaint, if any, in compliance with this Order by no later than December 6, 2013. If Plaintiffs elect to file an amended complaint, Plaintiffs should take care to clearly and simply allege the facts in support of their allegations. Moreover, they shall attribute their alleged conduct to each specific defendant. To the extent Plaintiffs' allegations are premised on purported fraud or misrepresentations, Plaintiffs shall clearly allege what statements were made to them by whom and when in compliance with Federal Rule of Civil Procedure 9. If Plaintiffs fail to file an amended complaint by December 6, 2013, or if they file an amended complaint which fails to comply with the Federal Rules of Civil Procedure, this action will be dismissed with prejudice under Rule 41(b).

---

[3] The Court DENIES Plaintiffs' request for sanctions.

[4] A separate judgment shall issue.

10

Furthermore, this Court ADVISES Plaintiffs that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available though the Court's website or in the Clerk's office. The Court also advises Plaintiffs that they may wish to seek assistance from the Legal Help Center. Plaintiffs may call the Legal Help Center at (415) 782-9000, extension 8657, or sign up on the 15th Floor of the Courthouse, Room 2796, for a free appointment with an attorney who may be able to provide basic legal help, but not legal representation.

**IT IS SO ORDERED.**

Dated: November 1, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RODRICK SATRE et al,

    Plaintiff,

v.

WELLS FARGO BANK, NA et al,

    Defendant.

Case Number: CV10-01405 JSW
CV12-06548 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 1, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Bonita Satre Daley
Rodrick I. Satre
530 Santa Fe Avenue
Richmond, CA 94801

Dated: November 1, 2013

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk