IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRICK I. SATRE and BONITA SATRE DALEY,<br><br>          Plaintiff,<br><br>     v.<br><br>WELLS FARGO BANK, N.A., ET AL.,<br><br>          Defendants.<br> _____/ | No. C 10-01405 JSW<br><br>**ORDER DENYING POST-JUDGMENT MOTIONS** |

Now before the Court are the motions filed by Plaintiffs to vacate this Court's order of dismissal and to amend or correct the judgment. Since the Court issued judgment in this matter after granting multiple motions to dismiss on September 16, 2014, Plaintiffs appearing *pro se* have filed five motions styled in various ways challenging the Court's determination that the case must be dismissed. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court HEREBY DENIES Plaintiffs' post-judgment motions challenging the dismissal and entry of judgment in this matter.

**BACKGROUND**

On December 11, 2006, Plaintiffs filed an action against Defendants First American Servicing Company ("ASC"), First American (the trustee of plaintiff's deed of trust) and Wells Fargo entitled *Satre v. American Services Co.*, Action No, MSC 06-02525 ("State Court Action"). The State Court Action involved claims based on a promissory note that Plaintiffs executed and secured by a deed of trust on their property at 530 Santa Fe Avenue, Richmond,

California 94801. Plaintiffs alleged that they called ASC to discuss ways to avoid foreclosing on their house due to short term financial difficulties. Plaintiffs then defaulted and entered into a forbearance agreement to allow them to cure the default and Defendant ASC proceeded with foreclosure on the property in December 2006. Plaintiffs soon filed action to enjoin the foreclosure sale and, on August 12, 2010, the state issued a Statement of Decision in favor of ACS.

On April 2, 2010, appearing *pro se*, Plaintiffs filed a complaint before this Court against Wells Fargo, ASC, and First American alleging fourteen separate causes of action for violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq.* ("FDCPA"), multiple causes of action sounding in fraud, defamation of character, and unfair business practices. In addition to suing Defendants for activities related to the loan servicing and foreclosure proceedings on their home, Plaintiffs also named Glenn Wechsler ("Wechsler"), counsel for ASC in the State Court Action, for his conduct in the state litigation.

Facing multiple motions to dismiss and to strike, on October 15, 2010, Plaintiffs filed their First Amended/Supplemental Complaint which alleged twenty-two separate causes of action including claims under the FDCPA and multiple state causes of action.

Defendants First American and Wechsler then moved to dismiss the First Amended Complaint. On January 5, 2011, this Court granted First American's and Wechsler's motion to dismiss and dismissed the case under the *Rooker-Feldman* doctrine. The Ninth Circuit affirmed in part, reversed in part, and remanded. *Satre v. Wells Fargo Bank, N.A. et al.,* 507 Fed. Appx. 655, 655 (9th Cir. 2013). The Ninth Circuit agreed the "district court property determined that Wechsler is immune from FDCPA liability" but reversed, stating "the district court incorrectly concluded that it lacked jurisdiction under *Rooker-Feldman* doctrine." *Id.* at 655-56.

On remand, Defendants Wells Fargo and First American moved to dismiss the suit and, in the alternative, moved for a more definite statement. In the related matter, C 12-06548 JSW, the same defendants move to dismiss or for a more definite statement. The later-filed case involved the same parties, the same property, related the same mortgage loan and the servicing

of that loan. The later case added a new Notice of Trustee Sale that Plaintiffs allege had been more recently been posted on their door.

On November 1, 2013, the Court granted Wells Fargo's motion to dismiss, granted First American's motion for a more definite statement, and dismissed the later, related matter in favor of a consolidated amended complaint in this matter. Plaintiffs were instructed to amend their complaint for the third time to be in compliance with Federal Rule of Civil Procedure 8(a) and 9(b) and specifically to comply with the mandate of the order regarding the claims under FDCPA giving this Court jurisdiction to hear this matter.

On December 6, 2013, Plaintiffs filed a second amended consolidated and supplemental complaint that was one hundred and five pages in length and alleged fourteen separate causes of action against twelve defendants including claims under the FDCPA, TILA, FCRA, and RESPA, as well as multiple state causes of action, violations of the Federal Rules of Civil Procedure and the Constitution.

On September 16, 2014, this Court issued a ruling granting motions to dismiss filed by Defendants First American Trustee Servicing Solutions, LLC ("First American"), Ameriquest Mortgage Company ("Ameriquest"), Wells Fargo Bank, N.A. ("Wells Fargo"), and the motion to dismiss and motion to strike filed by Glenn Wechsler, all without leave to amend. The same day, the Court issued final judgment in this matter.

Plaintiffs have filed a motion for leave to file a motion for reconsideration, or in the alternative, in a series of filings, Plaintiffs move for relief from judgment under Federal Rule of Civil Procedure 60(b)(1), (2) and (3) and to alter or amend the judgment pursuant to Rule 59(e).

The Court shall address additional facts as necessary to its analysis in the remainder of this Order.

**ANALYSIS**

**A.  Motion for Leave to File Motion for Reconsideration.**

Under local rule 7-9, a party may seek leave to file a motion for reconsideration any time before judgment. N.D. Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was

3

presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment. N.D. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the Court. *Id.*, 7-9(c).

Plaintiffs seek leave to file a motion for reconsideration on the basis that the Court failed to consider dispositive legal arguments, and in support of that motion, they present arguments that were previously presented to the Court. Plaintiffs also contend there are additional facts which were not discoverable prior to the filing of the Court's judgment that alter the outcome.

The Court did consider each of the arguments raised by Plaintiffs in support of their motion for leave to file a motion for reconsideration. However, it found those arguments unpersuasive. In addition, the Court finds the additional set of purported facts proffered by Plaintiffs are, for the most part irrelevant, and further do not change the outcome of the Court's decision.

**B.  Motions to Vacate or Amend the Judgment.**

In the alternative, in a series of filings, Plaintiffs move for relief from judgment under Federal Rule of Civil Procedure 60(b)(1), (2) and (3) and to alter or amend the judgment pursuant to Rule 59(e). Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court and will not be reversed absent some abuse of discretion. *Browder v. Director, Ill. Dep't of Corrections,* 434 U.S. 257, 263 n.7 (1978); *Wilson v. City of San Jose,* 111 F.3d 688, 691 (9th Cir. 1997). It is well-settled that once final judgment has been entered, the district court lacks jurisdiction to decide a motion to amend unless and until the judgment is reopened by the granting of a Rule 60 motion. *Lindauer v. Rogers,* 91 F.3d 1355, 1357 (9th Cir. 1996).

Under Rule 60(b)(1), a court may "relieve a party or a party's legal representative from a final judgment, order or proceeding" based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *see also Engleson v. Burlington Northern Railroad Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992) ("To qualify for relief under Rule 60(b)(1), the movant must

4

demonstrate mistake, inadvertence, surprise, or excusable neglect.") (quotations and citation omitted). Plaintiffs contend that the Court made a mistake of law when it granted the motions to dismiss and when it denied them leave to amend. *See, e.g., Gila River Ranch, Inc. v. United States*, 366 F.2d 354, 357 (9th Cir. 1966) (court may grant relief under Rule 60(b)(1) based on judicial error, before time to appeal has expired); *see also Phonometrics v. Hospitality Franchise, Inc.*, 126 Fed. Appx. 793, 794 (9th Cir. 2005). The Court has considered Plaintiffs' arguments as to the merits of their claims, and it finds no basis to reconsider its decision.

Under Rule 60(b)(2), a court may "relieve a party or a party's legal representative from a final judgment, order or proceeding" based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Fed. R. Civ. P. 60(b)(2). Although Plaintiffs attempt to proffer additional evidence, there is no indication that such evidence is newly-discovered, or relevant, or could not have been discovered before entry of judgment. The Court has considered the alleged proffer of evidence and finds that it does not constitute a basis to reconsider its decision under Rule 60(b)(2).

Under Rule 60(b)(3), a court may "relieve a party or a party's legal representative from a final judgment, order or proceeding" based on "fraud . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Again, Plaintiffs appear to argue that Defendants engaged in fraud and forged documents relating to the transactions at issue with their Richmond, California property. However, the Court has considered these arguments and has found them unpersuasive and not dispositive. Accordingly, the Court does not find that it has a basis to reconsider its decision under Rule 60(b)(3).

Although Plaintiffs do not rely specifically on Rule 60(b)(6), that rule permits a court to set a side a judgment for "any other reason that justifies relief." "Judgments are not often set aside under Rule 60(b)(6). Rather, the Rule is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), in turn quoting *United States v. Alpine Land*

5

*& Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir. 1993)). Plaintiffs have not demonstrated that such extraordinary circumstances exist in this case. Accordingly, Plaintiffs have not demonstrated a valid grounds for relief from judgment under Rule 60(b)(6).

Plaintiffs also move to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). Rule 59(e) provides the Court with "discretion to reopen a judgment if one has been entered, take additional testimony, amend findings of facts and conclusions of law or make new findings and conclusions." *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 928-29 (9th Cir. 2000). Relief may be granted pursuant to Rule 59(e) where any of the following conditions are met: "(1) the district court is presented with newly-discovered evidence; (2) there is an intervening change in controlling law; or (3) the district court committed clear error or made a decision that was manifestly unjust." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Relief under Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Similar to its analysis pursuant to Plaintiffs' motion for reconsideration and motion for relief from judgment under Federal Rule of Civil Procedure 60(b), the Court finds that Plaintiffs have failed to proffer newly discovered evidence, an intervening change in controlling law, or a persuasive argument that the Court committed clear error or made a decision that was manifestly unjust. Accordingly, the Court does not find that it has a basis to alter or amend its judgment under Rule 59(e).

Lastly, Plaintiffs contends that the Court should have granted them leave to amend. "A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987). In its Order granting the motion to dismiss, the Court concluded that Plaintiffs were not able to cure the defects identified in the Order. After multiple instructive orders and a thorough disposition of the issues on the merits, the Court determined it would be futile to grant Plaintiffs leave to amend and there is no cause to change that determination.

6

## CONCLUSION

For the foregoing reasons, the Court HEREBY DENIES Plaintiffs' motions for reconsideration, or in the alternative, for relief from judgment under Federal Rule of Civil Procedure 60(b)(1), (2), (3) or (6) or to alter or amend the judgment pursuant to Rule 59(e).

**IT IS SO ORDERED.**

Dated: May 8, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE